Pearson, J.
 

 The plaintiff seems to have conceded, that he could not recover the slaves, which were kept in possession by Mrs. Mizell ; but he insisted, that he had a right to recover the slaves, that she put in the possession of her son, West Mizell. Ilis Honor thought the plaintiff’s right was barred as(to all; and that the effect of the bailment was not merely to estop West Mizell from denying the title of his mother, while the bailment and the possession obtained under it continued, but that it bad the further effect of making his possession her possession, and of protecting it against his own better title,,
 
 *484
 
 so as to divest it and pass a good title to her under the act of 1820.
 

 We cannot concur in this conclusion. It carries the doctrine of estoppel beyond the reason upon which it is founded — to enforce the observance of good faith — and involves the absurdity of making one hold possession adverse to himself. It is enough, that he is not allowed to derive any advantage from the possession, which he ac* quired under the bailment. There is no reason why he should be prejudiced in the assertion of his title after the bailment was determined and the possession restored.
 

 If one accepts a lease of his own land from a person in adverse possession, he is not at liberty to deny the title of his landlord during the continuance of the lease or of the possession obtained under it, but when the relation of the landlord and tenant ceases, he may assert his title. He cannot take benefit of the possession thus acquired, or claim to be remitted to his “more ancient and better title;’» for, accepting the lease was his own act and he is estopped thereby during its continuance. But after it is determined, he will not be prejudiced and may well assert his title.
 
 Coke on Lit.
 
 47,
 
 b. Smart
 
 v.
 
 Smith,
 
 258, 2 Dev.
 

 Per Curiam.
 

 Judgment reversed and a
 
 venire de novo.